Charlene J. Wynder, Esq.  (SBN 260935)
WYNDER LAW INC.
540 W. Baseline Rd., Suite 16
Claremont, CA 91711
Telephone: (909) 506-4095
Facsimile: (909) 912-8347

Attorney for Plaintiff
KUI Z. MYLES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KUI Z. MYLES,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>THE UNITED STATES OF AMERICA; DAVID MARIN; BRIAN DEMORE; FRANCIS JACKSON; ARACELI TREVINO; DAVID GASSMANN; TROY THOMPSON; STEVEN LOVETT; and DOES 1-50, inclusive.<br><br>　　　　　Defendants. | Case No.:  5:19-cv-02036-PSG-KK<br><br>**PLAINTIFF KUI Z. MYLES' OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FIRST THROUGH SEVENTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION**<br><br>Hearing Date: March 9, 2020<br>Time:　　　　1:30 p.m.<br>Courtroom:　　6A, First St. Courthouse<br>Hon.　　　　Philip S. Gutierrez |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**PAGE**

I    INTRODUCTION……………………………………………………… 1

II   FACTUAL BACKGROUND………………………………………… 2

III  APPLICABLE STANDARD………………………………………… 3

IV   LEGAL ARGUMENT………………………………………………... 5

    A. Plaintiff's Complaint Satisfies Federal Rule Of Civil
       Procedure 8. …………………………………….…….................. 5

    B. Plaintiff's Tort Claims Are Not Time-Barred………………………. 7

    C. Plaintiff's Malicious Prosecution Claim Stands Because The
       Complaint Alleges The Criminal Case Was Terminated in Plaintiff's
       Favor ………………………………….…….……….……….. 10

    D. The Discretionary Function Exception To The Negligence Claim Does
       Not Apply Because The Agency Violated Plaintiff's Constitutional
       Rights ………………………………..…….……….……… 11

    E. Plaintiff's Allegations Of Retaliation And Discrimination
       Are Not Precluded By Title VII……………………………….. 12

    F. The Court Has Jurisdiction Over Plaintiff's 42 U.S.C. §1985 And
       §1986 Claims As Against The Individual Defendants...………..…… 14

    G. Plaintiff Respectfully Requests Leave To Amend To Cure Any
       Deficiencies……………………………………………..….. 17

V    CONCLUSION………………………………………………… 17

ii

1

# **TABLE OF AUTHORITIES**

2

3

**PAGE**

4

**Federal Cases**

*Bell Atl. Corp. v. Twombly*,

5

    (2007)  550 U.S 544............................................................................... 4,6

6

7

*Benson v. U.S.*

    (N.D. Ill. 1997) 969 F. Supp. 1129 ....................................... 15

8

9

*Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*

    (9th Cir. 2010) 611 F.3d 495 ................................................. 5,10

10

*Conley v. Gibson*

11

    355 U.S. 41 (1957) .................................................................. 6

12

13

*Cook v. Winfrey*

    (7th Cir. 1998) 141 F. 3rd 322 ............................................. 4

14

15

*Davis v. U.S. Dept. of Justice*

    (7th Circ. 2000) 204 F.3d 723 .............................................. 14

16

17

*Davis v. United States*

    (5th Cir. 2009) 597 F. 3rd 646 ............................................ 4

18

19

*Eminence Capital, LLC v. Aspeon, Inc.*,

20

    316 F.3d 1048 (9th Cir. 2003) (per curiam)  ............................................. 5,17

21

*Exodus Refugee Immigration, Inc. v. Pence*

22

    (S.D. Indiana 2016) 165 F. Supp. 3d .................................... 15

23

24

*Farmilant v. Singapore Airlines, Ltd.*

    (ND IL 1983) 561 F. Supp. 1148 ........................................ 4

25

26

*Galloway v. General Motors Serv. Parts Operations*,

    (7th Cir. 1996) 78 F.3d 1164................................................ 8

27

28

*Graham v. Richardson*

    (1971) 403 U.S. 365 ............................................................. 16

iii

PLAINTIFF KUI Z. MYLES' OPPOSITION TO DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS 1st THROUGH 7th, 13th, AND 14th CAUSES OF ACTION

*In re FEMA Trailer Formaldehyde Products Liab. Litig.*
  (5th Cir. 2012) 668 F. 3rd 281 ................................................................. 3

*Kaufman v. U.S.*
  (E.D. Wis. 1993) 840 F. Supp. 641 ........................................................ 15

*Lacey v. Maricopa County,*
  (9th Cir. 2012) 693 F.3d 896 ................................................................ 4

*Lee-Patterson v. New Jersey Transit Bus Operations, Inc.*
  (D. New Jersey 1997) 957 F. Supp. 1391 .................................................. 15

*Loumiet v. United States,*
  (D.C. Cir. 2016) 828 F.3d 944 ........................................................ 11,12

*Musson Theatrical, Inc. v. Federal Express Cor.*
  (6th Cir. 1996) 89 F.3rd 1244 ................................................................ 4

*Nat'l Adver. Co. v. City of Raleigh,*
  (4th Cir.1991) 947 F.2d 1158 ................................................................ 8

*Rochon v. FBI,*
  691 F Supp 1548 (1988) ................................................................ 12,13

*Starr v. Baca,*
  652 F.3d 1202 (9th Cir. 2011) ........................................................ 5,10

*Strom v. United States*
  (9th Cir. 2011) 641 F. 3d 1051 ................................................................ 4

*Swanson v. City of Chetek*
  (7th Cir. 2007)  719 F. 3d 780 .............................................................. 16

*Swierkiewiez v Sorema N.A.,*
  534 U.S. 512 (2002) ................................................................ 6

*Trerice v. Pederson*
  (9th Cir. 1985) 769 F. 2d 1398 .............................................................. 15

iv

*U.S. Fid. & Guar. Co. v. United States,*
   (3d Cir. 1988) 837 F.2d 116 ........................................................ 12

*Usher v. City of Los Angeles,*
   (9th Cir. 1987)  828 F.2d 556 ..................................................... 5

*Warren v. Fox Family Worldwide, Inc.*
   (9th Cir. 2003) 328 F. 3rd 1136 ................................................ 3

*Winter v United States,*
   244 F. 3d 1088 (9th Cir. 2001) ................................................. 7

**Federal Statutes**
28 U.S.C. 2680 ................................................................................. 6,11

28 U.S.C. §2671 ............................................................................... 3,6

28 U.S.C. §§1346 ............................................................................. 3

42 U.S.C. § 1983 .............................................................................. 4

42 U.S.C. §1985 ............................................................................... 14-16

42 U.S.C. 1986 ................................................................................. 14-16

**State Cases**
*Babb v. Superior Court*
   (1971) 3 Cal. 2d 841 ................................................................. 9

*Birnbaum v. Trussell*
  (C.A.2 NY 1965) 347 F.2d 86 ................................................... 15

*MacDonald v. Joslyn*
   (1969) 275 Cal. App. 2d 282 .................................................... 11

*Ray v. First Federal Bank*
   (1998) 61 Cal. App. 4th 315 ...................................................... 9

v

*Stavropoulos v. Sup. Ct.*
  (2006) 141 Cal.App.4th 190 ........................................ 9

**Rules**

Fed. R. Civ. Proc. 8 ......................................................... 4-7

Fed. R. Civ. Proc. 15 ..................................................... 5,17

Fed. R, Civ. Proc. 12 ....................................................... 3-6

**Other**

80 U. Chi. L. Rev. 1841 (2013) ..................................... 13

Plaintiff KUI Z. MYLES hereby submits her Opposition to Defendant UNITED STATES OF AMERICA'S Motion to Dismiss Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Thirteenth, and Fourteenth Causes of Action:

## I.

## INTRODUCTION

Plaintiff filed a robust, detailed Complaint alleging various claims against Defendant United States of America, which now hopes to have all claims dismissed against them without leave to amend.  The Complaint contains more than adequate facts showing that Plaintiff is entitled to relief under the theories pled.  Defendant's use of technical barriers to attempt to prevent Plaintiff from bringing suit for redress of her claims against the United States does not diminish the merits of Plaintiff's claims or alter the fact that Defendant, the agency at issue (the Department of Homeland Security [DHS]) and  the individual DHS officers wronged Plaintiff.  None of the arguments set out in Defendant's motion warrant a justification for a dismissal of all claims against the Defendant United States of America or a dismissal of any claims for that matter.

To the extent there are deficiencies in the Complaint, they are minor and can be amended. In the event the instant motion is granted, Plaintiff respectfully requests this Court grant Plaintiff leave to amend the Complaint.  Because amendment would not be futile, and any defects identified are curable, in the event the motion is not denied,

1

Plaintiff requests leave to amend.

## II.

## FACTUAL BACKGROUND

Plaintiff KUI MYLES is a naturalized United States citizen who was originally born in China and is a resident of the State of California. Plaintiff is employed by the Immigration and Customs Enforcement (ICE) component of the U.S. Department of Homeland Security (DHS or the "Agency"). (ECF 1, ¶4).

Defendant United States of America was acting through the Immigration and Customs Enforcement (ICE) and/or the Office of Professional Responsibility (OPR) of ICE, both under DHS. (ECF 1, ¶4).

The Agency, its employees, and the individual Defendants went to unbelievable lengths, abusing their official powers, in an effort to discriminate and retaliate against Ms. Myles.  (ECF 1, ¶6). To avoid redundancy, Plaintiff hereby refers the Court to the general allegations in the Complaint [ECF 1, ¶¶4-27] and the "Statement of Facts" in Defendant's Motion. (ECF 12, pp. 2-3).

The government and its agents' actions against Plaintiff led to the malicious prosecution of Plaintiff in *People of the State of California v. Kui Zhang Myles*, Orange County Superior Court Case Number 14HF1561, at the direction and instigation of special agents and officers of the DHS and Plaintiff's suspension from work without pay pending that criminal case. (ECF 1, ¶¶19, 22). Plaintiff was fully

2

exonerated on November 13, 2017 [ECF 1, ¶25]; however, the Complaint alleges that Plaintiff continues to suffer at the hands of the Agency. (ECF 1, ¶27).

The crux of Plaintiff's Complaint against Defendant UNITED STATES OF AMERICA is pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §§1346 for money damages as compensation for loss of property and personal injuries that were caused by the wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment. (ECF 1, ¶9).

## III.

## APPLICABLE STANDARDS

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to establish grounds for federal subject matter jurisdiction as required by Rule 8(a)—i.e, lack of federal jurisdiction appears from the "face of the complaint." (*Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003) 328 F. 3rd 1136, 1139). Rule 12(b)(1) motion should only be granted if it "appears certain" that Plaintiff cannot prove any set of facts in support of his or her claim entitling plaintiff to relief. (*In re FEMA Trailer Formaldehyde Products Liab. Litig.* (5th Cir. 2012) 668 F. 3rd 281, 287).  It should only be granted if plaintiff cannot prove "a plausible set of facts that establish subject-matter jurisdiction." (*Davis v. United States*

3

(5th Cir. 2009) 597 F. 3rd 646, 649). "Imperfections in pleading style will not divest a federal court of jurisdiction where the complaint as a whole reveals a proper basis for jurisdiction." (*Cook v. Winfrey* (7th Cir. 1998) 141 F. 3rd 322, 326). Plaintiff is "entitled to the speculative benefit of any facts he might conceivably prove in support of his well pleaded allegations." (*Farmilant v. Singapore Airlines, Ltd.* (ND IL 1983) 561 F. Supp. 1148, 1151). Indeed, Plaintiff can survive a Rule 12(b)(1) motion "by showing any arguable basis in law for the claim made." (*Musson Theatrical, Inc. v. Federal Express Cor.* (6th Cir. 1996) 89 F.3rd 1244, 1248).

## B. <u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>

A Rule 12(b)(6) motion is similar to the common law general demurrer—i.e., it tests the legal sufficiency of the claim or claims stated in the complaint. (*Strom v. United States* (9th Cir. 2011) 641 F. 3d 1051, 106). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. P. 8(a)(2)). Such a statement need not include "detailed factual allegations" but must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555 (*quotation omitted*). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." (*Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 911)(*quotations omitted*). When evaluating a complaint's sufficiency, "[a]ll allegations of material fact are taken as true

PLAINTIFF KUI Z. MYLES' OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS 1st THROUGH 7th, 13th, AND 14th CAUSES OF ACTION

and are construed in the light most favorable to [the plaintiff]." (*Coal. for ICANN Transparency, Inc. v. VeriSign, Inc*. (9th Cir. 2010) 611 F.3d 495, 501). Moreover, a court must "draw all reasonable inferences in favor of the nonmoving party." (*Usher v. City of Los Angeles* (9th Cir. 1987) 828 F.2d 556, 561). In fact, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." (*Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202, 1216-17).

Leave to amend should be freely granted when justice so requires. (Fed. R. Civ. Proc. 15(a)). This policy is "to be applied with extreme liberality." (*Eminence Capital, LLC v. Aspeon, Inc*. (9th Cir. 2003) 316 F.3d 1048, 1051 (*emphasis added*).

## IV.

## LEGAL ARGUMENT

**THE MOTION SHOULD BE DENIED BECAUSE PLAINTIFF'S COMPLAINT ADEQUATELY PLEADS THE FIRST THROUGH SEVENTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION**

**A. PLAINTIFF'S COMPLAINT SATISFIES FEDERAL RULE OF CIVIL PROCEDURE 8**

FRCP 8(a)(2) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "each allegation must be simple, concise and direct." (FRCP 8(d)(1)). As set forth above, the statement

5

need not include "detailed factual allegations" but must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (*Bell Atl. Corp. v. Twombly* (2007)   550 U.S. 544, 555 (*quotation omitted*).   A Complaint need only "give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." (*Swierkiewiez v Sorema N.A.* (2002) 534 U.S. 512).

Defendant's argument that Plaintiff's fifty-seven (57) page Complaint fails to meet this basic test as it relates to the First through Fourth causes of action merely because of a typo in the statute in a few paragraphs  is without merit.  The Complaint makes clear in multiple paragraphs that it was being brought pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.)(FTCA). (ECF 1, ¶¶3, 9, 10). Paragraph 10 of the Complaint alleges expressly that "agents of the DHS . . . are 'investigative or law enforcement officers' within the meaning of ***28 U.S.C. §2680(h),*** and thus, a claim may be pursued against the United States." (ECF 1, ¶10, *emphasis added*).  The Fourth Cause of Action further expressly cites to 28 U.S.C. §2680. (ECF 1, p. 20, ln. 16). Defendant's trivial pointing to the mistyped "18 U.S.C. §2680" [sic] in paragraphs 35, 51, 60, and 69 of the Complaint as a non-existent statute does not by itself render the Complaint subject to dismissal, particularly when there is citation to the correct statute 28 U.S.C. §2680 in two (2) places in the Complaint.

In *Conley v. Gibson* (1957) 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 and Rule 12(b)(6): "The accepted rule is that a complaint

PLAINTIFF KUI Z. MYLES' OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS 1st THROUGH 7th, 13th, AND 14th CAUSES OF ACTION

should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (*Id.* at 45-46). Here, the Complaint lays out in detail the facts that support each and every claim, especially the FTCA claims. Notwithstanding the typo, the Complaint is sufficient to give notice to Defendant of the claim and the ground and thus satisfactorily meets the requirements of Federal Rule of Civil Procedure 8. Even if the aforementioned typo could be considered a "defect" in the pleading, no dismissal is warranted as this surely can be cured.

## B. PLAINTIFF'S TORT CLAIMS ARE NOT TIME-BARRED

Defendant's argument that Plaintiff's tort claims are time barred is similarly without merit. Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. (*Winter v. United States* (9th Cir. 2001) 244 F. 3d 1088, 1090). "[A] claim accrues when a plaintiff knows that she has been injured and who has inflicted the injury." (*Winter v United States* (9th Cir. 2001), 244 F. 3d 1088, 1090). Here, the Complaint is clear that Plaintiff did not know the full extent of her injuries that resulted from the government's actions until the criminal case was dismissed and she returned to work on November 20, 2017. (ECF 1, ¶26). Plaintiff submitted her tort claim on or about November 9, 2018, well before the two (2) year FTCA statute of limitations had run. (ECF 1, ¶3).

It is settled that in the case of continuing violations the statute of limitations period runs anew with each violation. (*Nat'l Adver. Co. v. City of Raleigh* (4th Cir.1991) 947 F.2d 1158, 1166). "In general, to establish a continuing violation[,] the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice." (*Id.*, brackets, ellipses, and internal quotation marks omitted). In other words, if the plaintiff can show that the illegal act did not occur just once, but rather "in a series of separate acts[,] and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation." (*Id.* at 1167 (internal quotation marks omitted)). Under the continuing violation doctrine, "conduct occurring outside the statute of limitations may, by virtue of its link with recent conduct, be made a basis for a legal claim." (*Galloway v. General Motors Serv. Parts Operations* (7th Cir. 1996) 78 F.3d 1164, 1165). Here, the Complaint alleges continuing adverse conduct that caused Plaintiff harm – that Plaintiff was kept on suspension with no pay and that the criminal case was maintained by ICE agents for almost three (3) years after the initiation of the criminal case. (ECF 1, ¶¶22, 23). The Complaint alleges that Plaintiff was harmed continually during this time period. It states that "[a]s a result of the almost three (3) year State Criminal Case and work suspension, Plaintiff underwent significant financial hardship." (ECF 1, ¶24). Furthermore, Plaintiff alleges that as of the date of the filing of the Complaint, she has "continued to suffer…harm at the hands of the Agency" [ECF 1, ¶26] and that the

8

Agency "continue[s] to take adverse actions against her" [ECF 1, ¶27]. Thus, the Complaint satisfactorily alleges maintenance of the government's wrongful conduct and continuing financial injuries throughout the almost three (3) year suspension and criminal case to its termination in November 2017. Since the government's patter of adverse actions against Plaintiff and Plaintiff's injuries continued to accrue well after the filing of the criminal case and occurred at minimum until November 2017 through the date of the filing of the Complaint, Plaintiff's claims are not time barred.

The fact that Plaintiff's claims does not even begin to accrue, at minimum, until after dismissal of the criminal case in November 2017 is consistent with state law that applies to malicious prosecution claims. The limitations period in malicious prosecution claims are triggered upon final termination of the underlying action. (*Stavropoulos* v. *Sup. Ct.* (2006) 141 Cal.App.4th 190, 197). Stated another way, a "cause of action for malicious prosecution first accrues at the conclusion of the litigation in favor of the party allegedly prosecuted maliciously." (*Babb v. Superior Court* (1971) 3 Cal. 2d 841, 846). "The requirement of favorable termination confirms the plaintiff's innocence, serves to forestall unfounded claims and prevent inconsistent judgments, and facilitates proof of other elements of the tort." (*Ray v. First Federal Bank* (1998) 61 Cal. App. 4th 315, 318).

In accordance with the foregoing, Plaintiff's FTCA claims are not time barred. The motion should be denied.

9

## C.   **PLAINTIFF'S MALICIOUS PROSECUTION CLAIM STANDS BECAUSE THE COMPLAINT ALLEGES THE CRIMINAL CASE WAS TERMINATED IN PLAINTFF'S FAVOR**

Defendant argues that the First Cause of Action for malicious prosecution must be dismissed because Defendant argues that Plaintiff will not be able to prove that the prosecution terminated in her favor. (ECF 12, p. 7). Whether or not that contention is true is inconsequential and would not warrant a dismissal of the claim at this stage. As set forth above, when evaluating a complaint's sufficiency, "[a]ll allegations of material fact are taken as true and are construed in the light most favorable to [the plaintiff]." (*Coal. for ICANN Transparency, Inc. v. VeriSign, Inc*. (9th Cir. 2010) 611 F.3d 495, 501).  Paragraph 34 of the Complaint states "The criminal action terminated and ended in Plaintiff's favor when the State Criminal Case was dismissed on November 13, 2017." (ECF 1, ¶34). It also alleges Plaintiff "vigorously contested the State Criminal Case" and "Plaintiff was exonerated." (ECF 1, ¶25). The Court, in interpreting the Complaint, must by law accept these allegations as true. Again, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." (*Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202, 1216-17).  Here, the Court must accept as true Plaintiff's version of events. As such, the motion must be denied.

---

10

PLAINTIFF KUI Z. MYLES' OPPOSITION TO DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS 1ST THROUGH 7TH, 13TH, AND 14TH CAUSES OF ACTION

Even if Plaintiff's Complaint did not expressly state the criminal case terminated in her favor, that in and of itself would not require dismissal of the claim. As stated by one court, a voluntary dismissal may be an implicit concession that the dismissing party cannot maintain the action and may constitute a decision on the merits. (*See e.g..*, *MacDonald v. Joslyn* (1969) 275 Cal. App. 2d 282, 289). As stated above, the facts must be viewed in the light most favorable to Plaintiff. Given this, dismissal would not be appropriate.

## D.   THE DISCRETIONARY FUNCTION EXCEPTION TO THE NEGLIGENCE CLAIM DOES NOT APPLY BECAUSE THE AGENCY VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS

Defendant's allege that Plaintiff's negligence claim should be dismissed in accordance with the discretionary function exception under 28 U.S.C. 2680(a). However, it is well-settled that the Agency cannot hide behind the exception when it has exceeded "constitutional bounds." Most courts have held that "the discretionary-function exception . . . does not shield decisions that exceed constitutional bounds, even if such decisions are imbued with policy considerations." (*Loumiet v. United States* (D.C. Cir. 2016) 828 F.3d 935, 944). That court concluded "in line with the majority of our sister circuits to have considered the question, that the discretionary-function exception does not categorically bar FTCA tort claims where the challenged exercise of discretion allegedly exceeded the government's constitutional authority to

11

act. (*Id.* at 939).  As stated by one court, "[f]ederal officials do not possess discretion to violate constitutional rights . . .." (*U.S. Fid. & Guar. Co. v. United States I* (3d Cir. 1988) 837 F.2d 116, 120).   These courts reason that "the government 'has no discretion' to violate the Federal Constitution; its dictates are absolute and imperative.'" (*Loumiet*, 828 F.3d at 944). Here, the Complaint alleges throughout that federal employees violated various civil rights; indeed the Eighth through Fourteenth claims allege civil rights violations. (ECF 1, p. 1).  The government cannot hide behind discretionary function exception when its agents have violated civil rights, as it is alleged in the Complaint. Accordingly, the discretionary function exception does not apply here.

### E.   PLAINTIFF'S ALLEGATIONS OF RETALIATION AND DISCRIMINATION ARE NOT PRECLUDED BY TITLE VII

Just because the facts of this case contain allegations of retaliation and discrimination and give rise to Title VII claims does not otherwise preclude the Complaint's FTCA and civil rights claims.  In *Rochon v. FBI* (D.C. 1998) 691 F. Supp. 1548, Donald Rochon worked for the Federal Bureau of Investigation and in ruling on a motion to dismiss the tort claims as precluded by Title VII's provisions regarding discrimination in federal employment, the court denied the motion to dismiss the tort claims, holding that Title VII did not preclude such claims to the extent they were based on his "right to be free from bodily or emotional injury caused by another

person." (*Rochon v. FBI* (D.C. 1998) 691 F. Supp. 1548, 1556). Courts have articulated several justifications for allowing state tort claims to proceed when the facts also give rise to employment-related claims:

> "[T]ort law seeks to remedy something legally distinct from employment discrimination law, . . . [and] some tort claims are highly personal and thus deserve separate treatment, that simultaneous Title VII-tort cases that do not indicate an attempt to circumvent Title VII do not fall under *Brown*, and that tort actions against individual federal employees do not implicate the sovereign immunity concerns of *Brown*." (Kristin Sommers Czubkowski, *Equal Opportunity: Federal Employees' Right to Sue on Title VII and Tort Claims* (2013) 80 U. Chi. L. Rev. 1841, 1843).

In this case, as detailed in the Complaint, the alleged wrongdoing of government officials against Plaintiff go far beyond employment discrimination and retaliation within the employment context. Like the Plaintiff in *Rochon*, Plaintiff has a "right to be free from bodily or emotional injury caused by another person." Here, Plaintiff seeks redress from the injuries she suffered as a result of, among other things, her malicious prosecution – actions by the government and injuries suffered separate and apart from any employment related claim.  Plaintiff has sufficiently stated a basis for her tort and civil rights claims – the fact that she has not in this case alleged Title VII claims does

13

not preclude her otherwise valid causes of action in this case. Defendant's motion must fail.

It was intended that Plaintiff's Title VII claims be a part of a separate, later action. However, in the event the Court is of the opinion that this action cannot proceed without inclusion of Plaintiff's Title VII claims, Plaintiff respectfully requests leave to amend the Complaint to add the Title VII claims and relevant factual and procedural background related to said claims.

## F.   THE COURT HAS JURISDICTION OVER PLAINTIFF'S 42 U.S.C. §1985 AND 1986 CLAIMS AS AGAINST THE INDIVIDUAL DEFENDANTS

Plaintiff submits that Defendant United States of America is not a proper party as to *only* the Section 1985 and 1986 claims (the Thirteenth and Fourteenth Causes of Action).  "Sovereign immunity, however, bars §§1985(3) and 1986 suits brought against the United States and its officers acting in their official capacity." (*Davis v. U.S. Dept. of Justice* (7th Circ. 2000) 204 F.3d 723, 726 (*citation omitted*).  Plaintiff therefore stipulates to dismissal of the Thirteenth and Fourteenth Causes of Action as against Defendant United States of America *only* or otherwise requests leave to amend complaint to reflect this change.

The §1985 and §1986 claims are, however, proper as against the individual Defendants in their personal capacities.  Courts traditionally accord pleadings liberal

14

construction, including claims for damages under the civil rights statutes. (*Birnbaum v. Trussell* (C.A.2 NY 1965) 347 F.2d 86, 90)(citations omitted).  With respect to Section 1985, federal officials may be sued in their personal capacities. (*Kaufman v. U.S.* (E.D. Wis. 1993) 840 F. Supp. 641; *see also Benson v. U.S.* (N.D. Ill. 1997) 969 F. Supp. 1129). "[A] cause of action is not provided under 42 U.S.C. 1986 absent a valid claim for relief under section 1985" and thus, a Section 1986 claim properly falls within a Section 1985 claim. (*Trerice v. Pederson* (9th Cir. 1985) 769 F. 2d 1398, 1403). Accordingly, both §§1985 and 1986 claims are permitted as against federal officials in their personal capacities. Dismissal of the Thirteenth and Fourteenth causes of action against the individual defendants would therefore be improper.

Defendant's contention that Plaintiff failed to allege a discriminatory based animus is factually incorrect. "In order to state a claim under Section 1985, the plaintiff must allege a conspiracy, motivated by a discriminatory based animus, for the purpose of depriving any person or class of the equal protection of the law and an act in furtherance of the conspiracy, whereby a person is injured. (*Lee-Patterson v. New Jersey Transit Bus Operations, Inc.* (D. New Jersey 1997) 957 F. Supp. 1391, 1403). The Complaint clearly states and in multiple places that Plaintiff suffered "continuous and systematic harassment and discrimination based on her national origin" (ECF 1, ¶¶12, 27, 104, 156). National origin is a suspect class for purposes of discrimination-based analysis. (*See Exodus Refugee Immigration, Inc. v. Pence* (S.D.

15

Indiana 2016) 165 F. Supp. 3d, 728, 734).  "[C]lassifications based on alienage, like those based on nationality or race, are inherently suspect and subject to close judicial scrutiny. (*Graham v. Richardson* (1971) 403 U.S. 365, 371).  "The typical equal protection case involves discrimination by race, national origin or sex." (*Swanson v. City of Chetek* (7th Cir. 2007)  719 F. 3d 780, 783). The Complaint sufficiently alleges national-origin based discrimination sufficient to support Sections 1985 and 1986 claims. To the extent national-original based discrimination could be alleged more within the Thirteenth and Fourteenth claims in the Complaint, this could be easily cured.

Plaintiff's contention that the claims are outside the requisite statute of limitations is similarly without merit. As set forth above, and fully described in the Complaint, Plaintiff alleges continuing adverse conduct against Plaintiff by Defendants and continued harm. (ECF 1, ¶¶26, 27, 156, 157). As such Plaintiff's Sections 1985 and 1986 claims are not outside the statute of limitations period. To the extent the Court is of the opinion that Plaintiff's allegations of facts in the Complaint could be more clarified in order to establish more definite dates, this is curable and Plaintiff would request leave to amend to do so.

///

///

16

### G. **PLAINTIFF RESPECTFULLY REQUESTS LEAVE TO AMEND TO CURE ANY DEFICIENCIES**

Leave to amend should be freely granted when justice so requires. (Fed. R. Civ. Proc. 15(a)). This policy is "to be applied with extreme liberality." (*Eminence Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1051 (*emphasis added*). Plaintiff's position is that Complaint sufficiently states all relevant facts addressing the claims and the relief sought by Plaintiff. However, if for any reason the Court determines any deficiencies in the pleadings, Plaintiff respectfully request the opportunity to amend. It should further be noted that in order to prevent unnecessary motion work, Plaintiff's counsel was agreeable to amending the Complaint early on, but it did not appear Defendant's counsel was willing to take the motion off calendar to permit such an amendment. In any event, to the extent the Court believes deficiencies exist, as described herein, they are curable and Plaintiff requests an opportunity to amend.

### V.

### CONCLUSION

Plaintiff has, with great specificity, alleged the necessary elements to set forth the causes of action contained in her Complaint. At this stage of pleading, the allegations must be taken as true, and the Complaint is to be construed liberally. The motion should be denied. To the extent the Court disagrees, any deficiencies are minor and could be cured. Based on the foregoing, because amendment would not be futile,

17

and any defects identifiable are curable, and Plaintiff respectfully requests leave to amend.

Respectfully submitted,

WYNDER LAW INC.

Dated: February 14, 2020

By: _____

Charlene J. Wynder, Esq.
Attorney for Plaintiff
KUI Z. MYLES

18

PLAINTIFF KUI Z. MYLES' OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS 1ST THROUGH 7TH, 13TH, AND 14TH CAUSES OF ACTION

1

## **PROOF OF SERVICE**

2

3          At the time of service, I was over 18 years of age and not a party to this action. My business address is 540 W. Baseline Rd., Suite 16, Claremont, CA 91711. On February 14, 2020, I served the following document(s):

4

5     **PLAINTIFF KUI Z. MYLES' OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FIRST THROUGH SEVENTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION**

6

7     ☐     **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

8

9

10    ☒     **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below (specify one):

11

12         ☒     Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

13

14         ☐     Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

15

16

17

18         I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Claremont, California.

19

20    ☐     **By personal service.** At ____ a.m./p.m., I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an Individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

21

22

23

24

25    ☐     **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. A Declaration of Messenger is attached.

26

27

28

1

PROOF OF SERVICE

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**VIA U.S. MAIL**                    *Defendants*
DAVID MARIN
5010 East Avenue K6
Lancaster, California 93535

BRIAN DEMORE
25221 Calero Avenue
Laguna Hills, California 92653

FRANCIS JACKSON
500 12th Street SW
Washington, DC 20536

FRANCIS JACKSON
125 Martin Lane
Alexandria, Virginia 22304

ARACELI TREVINO
16743 Obispo Drive
La Mirada, California 90638

DAVID GASSMANN
116 Via Lorca,
Newport Beach, California 92663

TROY THOMPSON
46 Clifford Lane
Ladera Ranch, California 92694

STEVE LOVETT
2230 East Vermont Avenue
Anaheim, California 92806

2

PROOF OF SERVICE

1    I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct.

2

3        Executed on February 14, 2020, at Claremont, California.

4

5    _____

6                           Jessica Salinas

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
                      3
_____

PROOF OF SERVICE