UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12 (3/9 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2036 PSG (KKx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Kui Z. Myles v. The United States of America, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    Order GRANTING the Government's motion to dismiss

Before the Court is Defendant the United States of America's ("the Government") motion to dismiss. *See* Dkt. # 12 ("*Mot.*"). Plaintiff Kui Z. Myles ("Plaintiff") opposes, *see* Dkt. # 19 ("*Opp.*"), and the Government replied, *see* Dkt. # 21 ("*Reply*").[1]  The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion to dismiss.

I.    Background

Plaintiff is a Deportation Officer with the Immigration and Customs Enforcement ("ICE") component of the United States Department of Homeland Security ("DHS").[2]  *See Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 4. Plaintiff is a naturalized U.S. citizen who was born in China. *See id.* ICE initially hired Plaintiff in 2005, and after firing her in 2006, she was reinstated in 2008. *See id.* ¶ 12. In May and the summer months of 2013, Plaintiff reported that other ICE employees discriminated against and harassed her. *See id.* ¶ 14.

In August 2013, Plaintiff alleges that one of the employees that she reported for harassment fabricated a story that Plaintiff was hiding undocumented Chinese nationals in her home. *See id.* ¶ 15. After hearing this report, several DHS agents began surveilling Plaintiff and her family. *See id.* ¶ 16. This surveillance lasted from August 2013 through May 2014, but the

---

[1] Defendants David Marin, Brian Demore, Francis Jackson, Araceli Trevino, David Gassmann, Troy Thompson, and Steven Lovett neither joined in the Government's motion to dismiss, nor filed a separate motion.

[2] Plaintiff started out as an Immigration Enforcement Agent ("IEA") in 2005, but all IEAs are now known as Deportation Officers. *See* Compl. ¶ 14 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2036 PSG (KKx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Kui Z. Myles v. The United States of America, et al. | | |

agents could not find any misconduct. *See id.* ¶¶ 16–17. In response, these agents fabricated evidence that Plaintiff had purposefully lied about overtime hours without DHS approval. *See id.* ¶ 17. The agents then presented this evidence to the Orange County District Attorney's Office ("OCDA"). *See id.* ¶ 18.

On December 15, 2014, the OCDA filed a criminal complaint against Plaintiff, alleging grand theft in violation of Cal. Penal Code § 487(b)(3), based on this false evidence. *See id.* ¶ 19. The following day, Plaintiff was arrested and jailed. *See id.* ¶ 20. She was placed on indefinite suspension from ICE without pay on January 26, 2015. *See id.* ¶ 22. Plaintiff was the subject of many news reports both published by and sourced from the OCDA, which caused her great emotional distress. *See id.* ¶ 21.

The OCDA dismissed the criminal case on November 13, 2017. *See id.* ¶ 25. Plaintiff returned to work one week later. *See id.* ¶ 26. However, DHS has not restored her loss of earnings, pay grade, security clearance, or right to carry service-issued or personal firearms. *See id.* The agency has also relegated Plaintiff to low-level administrative status and light duty without the possibility of advancement. *See id.*

On November 9, 2018, Plaintiff filed an individual claim with DHS that the Government never responded to. *See id.* ¶ 3. Accordingly, it became rejected by operation of law on May 9, 2019. *See id.* On October 23, 2019, Plaintiff filed her suit in this Court against the Government as well as Defendants David Marin, Brian Demore, Francis Jackson, Araceli Trevino, David Gassmann, Troy Thompson, and Steven Lovett ("Individual Defendants"), alleging the following fourteen causes of action:

> First Cause of Action: Malicious Prosecution against the Government. *See id.* ¶¶ 28–38.
>
> Second Cause of Action: Abuse of Process against the Government. *See id.* ¶¶ 39–54.
>
> Third Cause of Action: False Arrest against the Government. *See id.* ¶¶ 55–63.
>
> Fourth Cause of Action: False Imprisonment, 28 U.S.C. § 2680, against the Government. *See id.* ¶¶ 64–72.
>
> Fifth Cause of Action: Invasion of Privacy against the Government. *See id.* ¶¶ 73–86.
>
> Sixth Cause of Action: Negligence against the Government. *See id.* ¶¶ 87–94.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2036 PSG (KKx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Kui Z. Myles v. The United States of America, et al. | | |

Seventh Cause of Action: Intentional Infliction of Emotional Distress against the Government.  *See id.* ¶¶ 95–101.

Eighth Cause of Action: Violation of the First Amendment against Defendants Gassmann, Trevino, Thompson, Lovett, Demore, Jackson, and Marin.  *See id.* ¶¶ 102–20.

Ninth Cause of Action: Violation of the Second Amendment against Defendant Marin.  *See id.* ¶¶ 121–29.

Tenth Cause of Action: Violation of the Fourth Amendment against Defendants Gassmann, Trevino, Thompson, Lovett, and Demore.  *See id.* ¶¶ 130–43.

Eleventh Cause of Action: Violation of the Fifth Amendment against Defendants Gassmann, Trevino, Thompson, and Lovett.  *See id.* ¶¶ 144–52.

Twelfth Cause of Action: Violation of the Fourteenth Amendment against Defendants Gassmann, Trevino, Thompson, Lovett, Demore, Jackson, and Marin.  *See id.* ¶¶ 153–61.

Thirteenth Cause of Action: Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985, against all Defendants.  *See id.* ¶¶ 162–66.

Fourteenth Cause of Action: Violation of Civil Rights, 42 U.S.C. § 1986, against all Defendants.  *See id.* ¶¶ 166–71.

The Government now moves to dismiss the first, second, third, fourth, fifth, sixth, seventh, thirteenth, and fourteenth causes of action against it.  *See generally Mot.*

II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff.  *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2036 PSG (KKx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Kui Z. Myles v. The United States of America, et al. | | |

678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.   Discussion

    A.   Second Through Seventh Causes of Action: Statute of Limitations

"Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'" *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018) (quoting *Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001)). The Supreme Court has held that once a plaintiff becomes aware of her injury and its immediate cause, her claim accrues. *See United States v. Kubrick*, 444 U.S. 111, 122 (1979). "In so deciding, the Supreme Court declined to 'hold that Congress intended that accrual of a claim must await awareness by the plaintiff that [her] injury was negligently inflicted.'" *Gallardo v. United States*, 755 F.3d 860, 864 (9th Cir. 2014) (quoting *Kubrick*, 444 U.S. at 123).

The Government argues that Plaintiff's claims for abuse of process, false arrest, false imprisonment, invasion of privacy, negligence, and intentional infliction of emotional distress are untimely and thus barred by the FTCA's statute of limitations. *See Mot.* 5–7. In particular, the Government argues that because Plaintiff alleges that the acts amounting to an abuse of process occurred from August 2013 through December 2014 when she was arrested, the false arrest occurred in December 2014, her false imprisonment ended in January 2015 when she was arraigned, and her invasion of privacy occurred from August 2013 through May 2014, the statute of limitations on these claims ran before she filed her complaint with DHS in November 2018. *See id.* The Government further argues that Plaintiff alleges negligence and intentional infliction of emotional distress based on actions that occurred between August 2013 and January 2015. *See id.* 7:4–13. According to the Government, the statute of limitations thus bars these claims, as well. *See id.*

Plaintiff first replies that the statute of limitations does not apply because she did not know the full extent of her injuries until after the end of the criminal case in November 2017. *See Opp.* 7:21–25. She also argues that these claims involve continuing violations that did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2036 PSG (KKx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Kui Z. Myles v. The United States of America, et al. | | |

end until the criminal case ended, which therefore extends the limitations period through November 2017. *See id.* 8–9.

The Court agrees with the Government that the statute of limitations bars these claims. Plaintiff bases each of her claims on her criminal case and arrest that were initiated in December 2014 based on charges that DHS employees fabricated. *See Compl.* ¶¶ 19–20. Because Plaintiff was aware of her injuries and their source in December 2014 when she was charged and arrested, the statute of limitations on her claims ran in December 2016, well-before her November 2018 filing date. *See Kubrick*, 444 U.S. at 122. Although Plaintiff argues that the statute of limitations did not begin running until her criminal case was terminated in November 2017, this argument is contrary to Ninth Circuit law. *See Opp.* 7:21–25. "As stated by the Ninth Circuit, allowing a plaintiff to delay the filing of his suit until he knows the precise extent of his damages would impose intolerable burdens upon the Government and would frustrate the expressed will of Congress." *See Banares v. Demore*, No. CV 08-03436 RGK JCX, 2009 WL 10684926, at *3 (C.D. Cal. Apr. 16, 2009) (citing *Ashley v. U.S.*, 413 F.2d 490, 493 (9th Cir. 1969)).

Plaintiff's argument that the violations were continuing also fails. *See Opp.* 8–9. Each alleged tort based on Plaintiff's criminal prosecution accrued beginning in 2013, 2014, or 2015 when the alleged act occurred. *See Compl.* ¶¶ 14–22. The dismissal of Plaintiff's case in November 2017 does not mean that these torts "continued" until then as Plaintiff states. *See Opp.* 8–9. Instead, to make out a continuing violation, Plaintiff must show "continual unlawful acts, not . . . continual ill effects from an original violation." *See Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981); *see also Salisbury v. Caritas Acquisitions V, LLC*, No. CV 18-08247-CJC(EX), 2019 WL 8105373, at *4 (C.D. Cal. Dec. 10, 2019) ("Courts distinguish between a continuing violation, which may toll the statute of limitations period, and the continuing effects of a past violation, which do not."). As such, because Plaintiff fails to show that she suffered anything other than ill effects from her criminal case, her argument fails.

Finally, any claims that Plaintiff may have for conduct after her criminal prosecution are improperly pleaded. In her complaint and opposition, Plaintiff briefly alleges that she continues to suffer harm at the hands of the agency. *See Compl.* ¶ 27; *Opp.* 8:27–9:1. While this indicates that Plaintiff may have claims that fall outside the statute of limitations period, without more allegations, Plaintiff fails to state a claim for any post-prosecution conduct. If Plaintiff wishes to pursue these claims, she should include the pertinent facts and claims in an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2036 PSG (KKx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Kui Z. Myles v. The United States of America, et al. | | |

Accordingly, the Court **GRANTS** the Government's motion to dismiss Plaintiff's claims for abuse of process, false arrest, false imprisonment, invasion of privacy, negligence, and intentional infliction of emotional distress based on the criminal case because the applicable statute of limitations has run.

    B.    <u>First Cause of Action: Failure to State a Claim</u>

"In order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in . . . plaintiff's[] favor; (2) was brought without probable cause; and (3) was initiated with malice." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 351 (2004).

The Government challenges only the first element: whether Plaintiff has alleged that a prior action terminated in her favor. *See Mot.* 7:14–8:16. A plaintiff suing for malicious prosecution of a criminal proceeding must allege and prove that it has terminated in her favor, either by her acquittal in the trial, or dismissal of the case for lack of evidence. *See Jaffe v. Stone*, 18 Cal. 2d 146, 150 (1941). However, if a dismissal is based "on technical grounds, for procedural reasons, or for any other reason not inconsistent with [her] guilt, it does not constitute a favorable termination." *See id.*; *see also Kohn v. Chobanian*, No. CV 16-7598-GW (JPRx), 2017 WL 4766525, at *9 (C.D. Cal. May 22, 2017) ("To prove the Underlying Claim led to a favorable legal termination for [the plaintiff] he must show he prevailed on the merits.").

The Government argues that Plaintiff fails to state a malicious prosecution claim because she does not sufficiently allege that the criminal case terminated in her favor. *See Mot.* 7:23–27. It points out that that action was merely voluntarily dismissed, which does not satisfy the first prong. *See id.* Plaintiff responds that she has pleaded a malicious prosecution claim because she alleges that the case was dismissed after her vigorous defense and that she was exonerated. *See Opp.* 10:15–28.

The Government has the better of the argument here. In her complaint, Plaintiff asserts that "[t]he criminal action terminated and ended in Plaintiff's favor when the State Criminal Case was dismissed." *See Compl.* ¶ 34. However, this conclusory assertion does not identify whether Plaintiff's claim was dismissed on the merits, or instead on grounds not inconsistent with her guilt. *See Jaffe*, 18 Cal. 2d at 150. While Plaintiff also states that the OCDA filed for dismissal, it does not explain the reason why it did, such that the Court can discern whether it was on the merits, and thus whether Plaintiff alleged a viable claim. *See Compl.* ¶ 25; *Sierra*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2036 PSG (KKx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Kui Z. Myles v. The United States of America, et al. | | |

*Club Found. v. Graham*, 72 Cal. App. 4th 1135, 1149 (1999) ("When the proceeding terminates other than on the merits, the court must examine the reasons for termination to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed."); *Garrison v. Baker*, 208 F.3d 221 (9th Cir. 2000) ("A voluntary dismissal may be an implicit concession that the dismissing party cannot successfully maintain the action. Alone, however, it is not enough to establish a termination on the merits.") (internal quotation marks and citations omitted).

Ultimately, the Court **GRANTS** the Government's motion to dismiss the first cause of action for malicious prosecution.

C. Thirteenth and Fourteenth Causes of Action: Sovereign Immunity

The parties have stipulated to dismiss Plaintiff's thirteenth and fourteenth causes of action against the Government. *See Opp.* 14:21–25; *Reply* 7:17–22. The Court therefore **GRANTS** the motion to dismiss these claims.[3]

IV. Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, the Court concludes that Plaintiff could save her first cause of action for malicious prosecution via amendment. Specifically, Plaintiff fails to plead why her criminal case ended, which bears on whether it was dismissed in her favor. If Plaintiff amends her complaint to explain how the case terminated on the merits in her favor, Plaintiff can state a claim for malicious prosecution. As such, the Court **GRANTS** leave to amend this claim.

---

[3] In her opposition, Plaintiff also argues that she has properly stated these claims against the Individual Defendants. *See Opp.* 14–15. However, because the Individual Defendants did not join in the Government's motion to dismiss, the Court need not determine whether these claims are viable against them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 19-2036 PSG (KKx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Kui Z. Myles v. The United States of America, et al. | | |

      On the other hand, Plaintiff cannot remedy her second cause of action for abuse of process, third cause of action for false arrest, fourth cause of action for false imprisonment, fifth cause of action for invasion of privacy, sixth cause of action for negligence, and seventh cause of action for intentional infliction of emotional distress based on the criminal case because the applicable statute of limitations has run on these claims.  Therefore, because allowing leave to amend would be futile, it is **DENIED** as to these claims.

V.     Summary

      In sum, the Court orders the following:

- The second cause of action for abuse of process, third cause of action for false arrest, fourth cause of action for false imprisonment, fifth cause of action for invasion of privacy, sixth cause of action for negligence, and seventh cause of action for intentional infliction of emotional distress based on the criminal case are **DISMISSED** with prejudice.

- The thirteenth and fourteenth causes of action are **DISMISSED** with prejudice against the Government only.

- The first cause of action for malicious prosecution is **DISMISSED** with leave to amend.

VI.    Conclusion

      For the foregoing reasons, the Court **GRANTS** the Government's motion to dismiss.  Leave to amend is **GRANTED** as to the first cause of action for malicious prosecution and **DENIED** as to the second cause of action for abuse of process, third cause of action for false arrest, fourth cause of action for false imprisonment, fifth cause of action for invasion of privacy, sixth cause of action for negligence, and seventh cause of action for intentional infliction of emotional distress based on the criminal case.  Any amended complaint must be filed no later than **April 1, 2020** or the dismissed claims will be dismissed with prejudice.

      **IT IS SO ORDERED.**